UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAURICE BANKS and EDDEAN BLACKWOOD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:05CV01762 ERW |
| ) | |
| MERCK & CO., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendant Merck's Motion to Stay [doc. #4], filed on October 26, 2005. Plaintiffs have not opposed, or otherwise responded to, the Motion, and the time for doing so has expired.

This action concerns the prescription drug VIOXX, manufactured by Defendant Merck. On September 30, 2004, Defendant Merck announced that, in a clinical study known as APPROVe,[1] there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in patients taking VIOXX compared with those taking a placebo. Defendant Merck subsequently voluntarily withdrew VIOXX from the market. Thereafter, numerous suits were filed across the nation seeking some form of recovery for plaintiffs who had purchased and ingested VIOXX. The Judicial Panel on Multidistrict Litigation (the "MDL") has entered an order establishing MDL-1657, *In re VIOXX Products Liability Litigation*. According to Defendant Merck, this case is a potential "tag-along" action.

A district court has the inherent power to stay its proceedings. This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). This

---

[1]The APPROVe study was a prospective, randomized, placebo-controlled clinical trial designed to evaluate the efficacy of VIOXX 25 mg. in preventing recurrence of colorectal polyps in patients with a history of collerectal adenomas.

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

power requires a court to exercise its "judgment, which must weigh competing interests and maintain an even balance." *Id.* A court need not automatically stay a case merely because a party has moved the MDL for transfer and consolidation. *See Rivers v. Walt Disney*, 980 F.Supp. 1358, 1360 (C.D. Cal. 1997). In considering a motion for stay, a court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties. *Id.*

In its Motion, Defendant Merck requests that the Court stay all proceedings in this action pending resolution of its motion currently before the MDL Panel for transfer of this case to the MDL court. In support of its Motion, Defendant Merck argues that judicial economy mandates a stay. After considering Defendant Merck's arguments, the Court concludes that a stay is warranted. It appears likely that this case will be included in a future conditional transfer order. This case involves the same factual inquiries that are present in the other hundreds of VIOXX cases, including the alleged increased health risks of taking VIOXX and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. The Court finds Defendant Merck's judicial economy argument persuasive and concludes that judicial economy weighs in favor of granting the requested stay. The Court also considers the resulting prejudice to the parties. The Court concludes that, although Plaintiffs might well be subjected to some delay as a result of the issuance of a stay, that prejudice does not outweigh the efficiency concerns described herein. Therefore, Defendant Merck's Motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Merck's Motion to Stay [doc. #4] is **GRANTED**.

Dated this 15th day of November, 2005.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com